# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
Filed: September 27, 2017

| | |
|---|---|
| * * * * * * * * * * * * * | |
| CHRISTOPHER THORNTON,    * | |
|                          * | |
| Petitioner,              * | UNPUBLISHED |
|                          * | |
| v.                       * | Special Master Gowen |
|                          * | |
| SECRETARY OF HEALTH      * | No. 16-822V |
| AND HUMAN SERVICES,      * | |
|                          * | Joint Stipulation; Attorneys' Fees and |
|                          * | Costs; Reduction of Hourly Rate; |
| Respondent.              * | Reasonable Costs |
|                          * | |
| * * * * * * * * * * * * * | |

*Jonathan Pleban,* Pleban & Petruska Law, LLC, St. Louis, MO, for petitioner.
*Douglas Ross*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On July 11, 2016, Christopher Thornton ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.,*[2] (the "Vaccine Act"). Petitioner alleged that he suffered injuries, including Guillain-Barré Syndrome ("GBS"), as a result of a tetanus-diphtheria-acellular pertussis ("TDaP") vaccine. On May 22, 2017, I issued a decision awarding compensation to petitioner based on the parties' joint stipulation. ECF No. 23.

On July 17, 2017, petitioner filed a motion for attorneys' fees and costs, but did not include billing logs. ECF No. 28. On August 15, 2017, petitioner filed a supplement to his motion for attorneys' fees and costs that included billing logs. ("Pet. Supp. Motion"), ECF No.

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), **because this decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to 34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

30.   Petitioner requests attorneys' fees in the amount of $19,108.25 and costs in the amount of $1,773.91. (*Id.* at 1.) In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses. Thus, the total amount requested is $20,882.16.

On July 26, 2017, respondent filed a response to petitioner's motion. ECF No. 29. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully recommends that the Special Master exercise his discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

## I.   Discussion

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(3) (1). Petitioner in this case was awarded compensation pursuant to a joint stipulation, therefore he is entitled to an award of reasonable attorneys' fees and costs.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (Fed. Cl. 2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing the petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).

### a.   Reasonable Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347-58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. *Id.* at 1348.

I have reviewed petitioner's motion and the supporting documentation. After a review of the billing records, I find that the hours expended are reasonable. The billing entries reflect the nature of each task performed, the amount of time expended, and the person performing the task. Mr. Pleban does not appear to bill for administrative work, paralegal work performed by an attorney, duplicative work, or other unreasonable practices. In sum, I find no cause to adjust the reasonable hours expended by Mr. Pleban in this case.

With regard to a reasonable hourly rate, Mr. Pleban requests $375.00 per hour of work performed. Pet. Supp. Motion, Exhibit 4 at 5. This amount surpasses the hourly rate established by the Office of Special Masters' Attorney's Forum Hourly Rate Fee Schedule ("Fee Schedule") for an attorney of his experience.[3] Mr. Pleban was licensed in and has been practicing law since 2010, giving him 7 years of experience. Pet. Supp. Motion at 2. According to the Fee Schedule, the range for an attorney of Mr. Pleban's experience is $225-$300 for work performed in 2015-2016, and $230-$307 for work performed in 2017. As his rates exceed those provided in the Fee Schedule, Mr. Pleban's hourly rate will be reduced to fall within the range for an attorney of his experience, which is based upon my ruling in *McCulloch*.

Mr. Pleban previously requested the same hourly rate from this Court in *Denbow v. Sec'y of Health & Human Servs.*, No. 16-0312V, 2016 WL 7030385 (Fed. Cl. Spec. Mstr. Sept. 20, 2016) for work performed in 2016. In *Denbow*, Chief Special Master Dorsey awarded a rate of $300 per hour, thus conforming to the Fee Schedule. I will also conform counsel's rate to the Fee Schedule and award $300 per hour for work performed in 2015-16, and $307 per hour for work performed in 2017.

### b. Reasonable Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $1,773.91 in costs. Pet. Supp. Motion at 1. The requested costs consist, *intra alia*, of the filing fee and costs for obtaining medical records, and retaining an expert. *See generally* Petitioner's Motion, Exhibit 1. Based on a review of the submitted expenses, I find that the requested costs are reasonable and should be awarded in full.

## II. Conclusion

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). After reviewing the billing records submitted with petitioner's motion, I hereby award petitioner attorneys' fees and costs as follows: $14,682.75 for work performed by Mr. Pleban (40.5 hours at $300 per hour in 2015-16; and 8.25 hours at $307 per hour in 2017); and $920.75 for work performed by a paralegal. In total, this results in a reduction of $3,504.75 for attorneys' fees in

---

[3] The 2015-2016 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf. The 2017 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf. The hourly rates contained within derive from my decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-093V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

this case. I find no reason to reduce the requested costs, so I award the full $1,773.91 requested by petitioner.

    Accordingly, I award the following:

1) **A lump sum of $17,377.41[4], representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, J.C. Pleban of Pleban & Petruska Law, LLC.**

    In absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

                                         **s/Thomas L. Gowen**
                                         Thomas L. Gowen
                                         Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. See generally Beck v. Sec'y of Health & Human Servs., 924 F.2d 1029 (Fed. Cir. 1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.